IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRANDON LONG,

          Plaintiff,

v.                                CIVIL ACTION NO.   2:22-cv-00274

LIEUTENANT CHAD RICHMOND,
and CAPTAIN RICHARD MCKEEN,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendants Lieutenant Chad Richmond, Captain Richard McKeen and West Virginia Division of Corrections and Rehabilitation's Motion for Summary Judgment* (Document 7) and *Defendants Lieutenant Chad Richmond, Captain Richard McKeen and West Virginia Division of Corrections and Rehabilitation's Memorandum of Law in Support of Motion for Summary Judgment* (Document 8). After the motion for summary judgment was filed, Defendant, West Virginia Division of Corrections and Rehabilitation ("WVDCR"), was dismissed from the case pursuant to the *Stipulation of Dismissal of Claims Against Defendant West Virginia Division of Corrections and Rehabilitation* (Document 18). The claims remain pending against the other Defendants. The Plaintiff did not file any response to the Defendants' motion. Upon review, and for the reasons stated herein, the Court finds that the Defendants' motion should be granted.

## FACTS

The Plaintiff, Brandon Long, alleged that on April 9, 2020, the Defendants, Lieutenant Chad Richmond ("Lt. Richmond") and Captain Richard McKeen ("Cpt. McKeen"), used excessive force against him while he was incarcerated at Northern Correctional Center. Specifically, in his complaint, Mr. Long alleged that he was sprayed while in his cell and taken to medical where he showered and was given new clothes. Lt. Richmond then ordered him to strip out, which Mr. Long found to be odd since he had just showered and changed into new clothes. He informed the Defendants, Richmond and McKeen, that he was uncomfortable with the request, felt sexually intimidated and wished to speak with the PREA Coordinator. He continued to ask to speak with the coordinator while seated and locked in the shower cage. Mr. Long further alleged that without warning and without request for him to cuff up, Cpt. McKeen sprayed him in the face with Oleoresin Capsicum ("O.C.") at close range. He was then asked to cuff up and complied. Without being decontaminated or given a bathroom break, he was placed in a restraint chair for over two hours. After being decontaminated, he was forced to sit in a restraint chair for an additional six to seven hours in violation of his constitutional rights and the Division's restraint policy.

Following the incident, Mr. Long filed a grievance on April 15, 2020. The grievance, numbered 20-MOCC-Q2-289, was officially filed on April 16, 2020. (Document 7-1). The grievance was appealed to the Warden's Office. Steven M. Crook, the Assistant Director of Safety for the WVDCR, who is responsible for logging grievances arriving on appeal to the Office of the Commissioner, conducted a record search related to this grievance. (Document 7-2). By sworn affidavit, Mr. Crook stated that a review of grievance logs, mail logs, and Mr. Long's file

between the dates of April 1, 2020 and July 7, 2020, revealed that no appeal was received by the Commissioner's Office related to Grievance Number 20-MOCC-Q2-289. *Id.*

At the time of the incident, WVDCR had in place Policy Directive 335.00 which outlined the grievance policy and procedure available to inmates. (Document 7-3). WVDCR Policy Directive 335.00(VI) provides that "the inmate may submit an appeal to the Commissioner of the Division of Corrections and Rehabilitation within five (5) days after he/she receives the Superintendent's response or the time for the response has passed." *Id.* at 7. There is no dispute that the Plaintiff failed to submit such an appeal.

### STANDARD OF REVIEW

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). A "material fact" is a fact that could affect the outcome of the case. *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor. *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013); *News & Observer*, 597 F.3d at 576.

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*,

477 U.S. at 322–23. When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party. *Hoschar*, 739 F.3d at 169. However, the non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. "At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action." *Perry v. Kappos*, No.11-1476, 2012 WL 2130908, at *3 (4th Cir. June 13, 2012) (unpublished decision) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)).

In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter," *Anderson*, 477 U.S. at 249, nor will it make determinations of credibility. *N. Am. Precast, Inc. v. Gen. Cas. Co. of Wis.*, 2008 WL 906334, *3 (S.D. W. Va. Mar. 31, 2008) (Copenhaver, J.) (citing *Sosebee v. Murphy,* 797 F.2d 179, 182 (4th Cir. 1986). If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. If, however, the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

## DISCUSSION

Pursuant to both the Prison Litigation Reform Act ("PLRA") and the West Virginia Prison Litigation Reform Act ("WVPLRA"), an inmate must exhaust all available administrative

4

remedies prior to bringing certain legal claims in court. The PLRA provides that "[n]o action shall be brought with respect to prison conditions … by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are exhausted." 42. U.S.C. §1997e(a). The West Virginia Litigation Reform Act similarly requires administrative exhaustion of the remedies promulgated by the correctional facility prior to initiating a civil action related to prison conditions. W. Va. Code § 25-1A-1, *et seq*, *see White v. Haines*, 618 S.E.2d 423, 431 (2005). Both the PLRA and WVPLRA and their exhaustion requirements apply to claims of excessive force. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[The] PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." These exhaustion requirements are not easily avoided, and the Supreme Court has broadly construed exhaustion "rejecting every attempt to deviate … from its textual mandate." *Ross v. Blake*, 578 U.S. 632, 639-40 (2016). "If a plaintiff fails to exhaust administrative remedies, the case must be dismissed." *Legg v. Adkins*, No. 2:16-CV-01371, 2017 WL 722604, at *2 (S.D.W. Va. Feb. 23, 2017) (citation omitted); *see also Baker v. Hammons*, No. 2:15-cv-13849, 2016 WL 538481, at *3 (applying dismissal standard to the WVPLRA's exhaustion requirements). Exhaustion of administrative remedies for purposes of these requirements "is a question of law to be determined by the judge." *Creel v. Hudson*, No. 2:14-cv-10648, 2017 WL 4004579, at *3 (S.D.W. Va. Sept. 12, 2017) (citation omitted).

Here, the Plaintiff began the grievance process in a matter involving the use of excessive force on a prisoner. The allegations clearly fall within the parameters of the exhaustion requirements of both statutes. Additionally, given the failure to file a responsive brief, there is no

dispute over whether the Plaintiff exhausted or was required to exhaust his administrative remedies. The Defendants have presented evidence that the Plaintiff did not properly exhaust his administrative remedies, through the initially filed grievance, and a sworn affidavit attesting to the lack of an appeal filed with the WVDCR's Commissioner. WVDCR Policy Directive 335.00, the applicable policy directive governing the inmate grievance process at the Northern Correctional Center where the Plaintiff was incarcerated, specifically set forth the appellate steps available to inmates. The Plaintiff utilized and signed the official inmate grievance form labeled with that Policy Directive number in his initial grievance. (Document 7-1). However, the Plaintiff's initial filing of a grievance does not constitute exhaustion, and there is no evidence of any appeal filed with the Commissioner of WVDCR.

Under West Virginia law, an inmate must file a grievance within fifteen (15) days of any incident the inmate wishes to grieve. W. Va. CSR § 90-9-4.1. The inmate has exhausted his or her administrative remedies only after the inmate timely files a grievance and, if denied, timely files an appeal to the Warden within five (5) days, and then the same to the Commissioner, if denied again. W. Va. Code § 25-1A-2(d); W.Va. C.S.R. §§ 90-9-3, 90-94, 90-9-5, 90-9-6. This mirrors the procedure in the applicable policy directive, which culminates in a final level of appellate review within the grievance system, by submission of an appeal to the Commissioner. (Document 7-3, at 7) (WVDCR Policy Directive 335.00(VI)). In and of itself "a rejected grievance does not exhaust the grievance process or that step of the process." W. Va. CSR § 90-9-6.4.

By not filing a response to the motion for summary judgment, the Plaintiff has failed to even attempt to create a disputed issue of fact regarding the exhaustion of his appeal. Thus, the Court will not invent a dispute that has not been presented and may not, in fact, exist. Further,

even if the Plaintiff did claim to have submitted an appeal, a plaintiff must offer *some* evidence more than bare allegations to survive a motion for summary judgment, particularly when the Defendant has offered evidence which would contradict that assertion. *Silling v. Erwin,* 881 F.Supp. 236, 237 (S.D.W. Va. 1995). Accordingly, viewing the evidence in the light most favorable to the Plaintiff, the Defendants have demonstrated that there is no genuine issue of material fact, and that they are entitled to judgment as a matter of law because the Plaintiff failed to exhaust his administrative remedies. Therefore, the Court finds that the motion for summary judgment must be granted.

## CONCLUSION

Wherefore, after careful consideration, the Court **ORDERS** that *Defendants Lieutenant Chad Richmond, Captain Richard McKeen, and West Virginia Division of Corrections and Rehabilitation's Motion for Summary Judgment* (Document 7) be **GRANTED**, that summary judgment be entered for the Defendants, Lieutenant Chad Richmond and Captain Richard McKeen, and that this matter be stricken from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 14, 2022

*[signature: Irene C. Berger]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA