IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BRANDON LONG,

           Plaintiff,

v.                                            CIVIL ACTION NO.   2:22-cv-00274

LIEUTENANT CHAD RICHMOND,
and CAPTAIN RICHARD MCKEEN,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiff's Motion for Reconsideration or Relief from a Judgment* (Document 25), the attendant *Plaintiff's Memorandum of Fact and Law in Support of Plaintiff's Motion for Reconsideration or Relief from a Judgment* (Document 26) and *Defendants Lieutenant Chad Richmond, Captain Richard McKeen, and West Virginia Division of Corrections and Rehabilitation's Response to Plaintiff's Motion for Reconsideration* (Document 27).  The Court has reviewed all relevant exhibits.  Upon review, and for the reasons stated herein, the Court finds that the Plaintiff's motion for reconsideration should be granted.

**FACTS & PROCEDURAL HISTORY**

The Plaintiff, Brandon Long, alleged that on April 9, 2020, the Defendants, Lieutenant Chad Richmond ("Lt. Richmond") and Captain Richard McKeen ("Cpt. McKeen"), used excessive force against him while he was incarcerated at Northern Correctional Center.  Specifically, in his complaint, Mr. Long alleged that he was sprayed while in his cell and taken to medical where he

showered and was given new clothes.  Lt. Richmond then ordered him to strip out, which Mr. Long found to be odd since he had just showered and changed into new clothes.  He informed the Defendants, Richmond and McKeen, that he was uncomfortable with the request, felt sexually intimidated and wished to speak with the PREA Coordinator.  He continued to ask to speak with the coordinator while seated and locked in the shower cage.  Mr. Long further alleged that without warning and without request for him to cuff up, Cpt. McKeen sprayed him in the face with Oleoresin Capsicum ("O.C.") at close range.  He was then asked to cuff up and complied.  Without being decontaminated or given a bathroom break, he was placed in a restraint chair for over two hours.  After being decontaminated, he was forced to sit in a restraint chair for an additional six to seven hours in violation of his constitutional rights and the Division's restraint policy.

Following the incident, Mr. Long filed a grievance on April 15, 2020.  The grievance, numbered 20-MOCC-Q2-289, was officially filed on April 16, 2020. (Document 7-1).  The grievance was appealed to the Warden's Office.  Steven M. Crook, the Assistant Director of Safety for the WVDCR, who is responsible for logging grievances arriving on appeal to the Office of the Commissioner, conducted a record search related to this grievance. (Document 7-2).  By sworn affidavit, Mr. Crook stated that a review of grievance logs, mail logs, and Mr. Long's file between the dates of April 1, 2020, and July 7, 2020, revealed that no appeal was received by the Commissioner's Office related to Grievance Number 20-MOCC-Q2-289.  *Id.*  WVDCR Policy Directive 335.00(VI) provides that "the inmate may submit an appeal to the Commissioner of the Division of Corrections and Rehabilitation within five (5) days after he/she receives the Superintendent's response or the time for the response has passed."  (Document 7-3 at 7).

It was on these grounds—failure to exhaust administrative remedies—that the Defendants' motion for summary judgment was granted. However, in response to the Court's *Judgment Order* (Document 23), the Plaintiff moved this Court for reconsideration. Included as an exhibit was documentation that Mr. Long had, in fact, exhausted his administrative remedies.

### STANDARD

A motion for reconsideration filed within the time period stated in Rule 59(e)[1] may be treated as a motion to alter or amend that judgment under that rule. *Perkins v. United States*, 848 F.Supp. 1236 (S.D. W. Va. 1994) (Faber, J); *Daniel v. State of W.Va.*, 964 F. Supp. 1050, 1053 n.1 (S.D. W. Va. 1997) (Faber, J). The decision to alter or amend a judgment under Rule 59(e) lies within the sound discretion of the trial court. *City of Richmond v. Atlantic Co.*, 273 F.2d 902, 916 (4th Cir.1960). The burden to show adequate grounds is on the party seeking the alteration or amendment. 11 Wright, Miller & Kane, *Fed. Prac. & Proc. Civ.* § 2803 (3d ed.). The Fourth Circuit has "recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

### DISCUSSION

The Plaintiff offers two grounds entitling him to relief under Rule 59(e). First, the Plaintiff states that his attorney failed to "see the additional motion for summary judgment and did not calendar a deadline to respond to this motion," but was otherwise proceeding with discovery

---

[1] Prior to amendment in 2009, Rule 59(e) afforded a 10-day window to file a motion for a new trial; the amendment extended the time period to 28 days.

and timely litigation of his claims. (Pl. Br. at 5) (Document 26.) Second, the Plaintiff disputes this Court's prior finding that he failed to exhaust all administrative remedies by offering a completed, signed, and stamped Inmate Grievance Form, where his requested relief was denied on timely appeal. (Pl. Mot. Ex. 1) (Document 25-1.) The Defendants do not oppose the Plaintiff's arguments.[2] (Def. Resp. at 2) (Document 27.)

The "new" evidence, related to exhaustion, offered by the Plaintiff is compelling as it leaves the Court's *Judgment Order* resting on improper grounds and results in dismissal of the case in its very early stages. Although the Plaintiff is squarely responsible for initially failing to put that evidence in issue, summary judgment would not have been granted but for the Defendant's failure to properly maintain records within its control. Allowing the current *Judgment Order* to stand would leave the substance of the Plaintiff's allegations unaddressed. The Plaintiff's argument that the failure to respond to the motion for summary judgment was nothing more than inadvertence is bolstered by his ongoing participation in discovery and litigation, including a stipulated dismissal.

Additionally, the Plaintiff has reset the course with expedience. The Plaintiff filed his motion for reconsideration on the first business day after the adverse *Judgment Order*. Discovery for the case is not set to close until April 24, 2023, and the trial is not scheduled until October 30, 2023, more than a year from now. Accordingly, due to the lack of prejudice, the interest of justice, and the new evidence offered by the Plaintiff, relief under Rule 59(e) is appropriate.

---

[2] The Defendants do not dispute the authenticity of the form provided by the Plaintiff but maintain that they still have been unable to locate the completed and stamped form in their files.

**CONCLUSION**

Wherefore, after careful consideration, the Court **ORDERS** that the *Plaintiff's Motion for Reconsideration or Relief from a Judgment* (Document 24) be **GRANTED**, and that the *Judgment Order* (Document 23) be **VACATED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: October 25, 2022

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA